UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NCMIC INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:05CV805 HEA |
|  | ) |  |
| JOHN BLALOCK, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion for Judgment on the Pleadings, [# 15]. Defendant Ballock has filed a response in opposition to the Motion; the remaining defendants have not filed an opposition. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff issued Professional Chiropractic Malpractice Insurance policies to defendant John Blalock which were in effect from February 3, 2001 to February 3, 2002 and from February 3, 2002 to February 3, 2003. Plaintiff filed this Declaratory Judgment action on May 19, 2005 seeking a declaration from this Court that it did not owe a duty to defend or indemnify Blalock in an action filed against Blalock by defendants Steven Gera and Sarah Gera.

Defendants Steven and Sarah Gera filed a Petition in the Circuit Court for the City of St. Louis, Missouri against Blalock in which the Gera's allege that Blalock negligently and intentionally inflicted emotional distress on Steven Gera. The Petition also alleges loss of consortium as to Sarah Gera. In support of these allegations, the following facts are alleged in the Gera Petition: In January, 2002, Steven Gera entered into a patient-physician relationship with John Blalock, who is licensed to practice chiropractic medicine. On at least four different visits beginning January 2002 and continuing through February 2002, Steven was sexually assaulted by Blalock. This petition seeks damages, both compensatory and punitive, for the negligent infliction of emotional distress, the intentional infliction of emotional distress, and the loss of consortium suffered by Steven's wife, Sarah Gera, as a result of the sexual assault.

The policies at issue provide, *inter alia*,:[1]

> **We** will pay on **your** behalf all sums to which this insurance applies and which **you** become legally obligated to pay as **damages** because of an **injury**. The **injury** must be caused by an accident arising from a **medical incident** during the **policy period**.

A "Medical incident" means "any negligent omission, act or error in the providing of **professional services**." "**Professional services** means: (a) those

---

[1] The bold face type is found in the original and refers to terms that are defined elsewhere in the policy.

services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed."

Exclusion F of the policies exclude coverage for:

Sexual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act.

The NCMIC policies define "injury" as follows:

**Injury** means bodily injury, sickness, disease or death sustained by any one person.

Exclusion O of the policies excludes coverage for:

The intentional infliction of **injury**.

Further, the policies provide that a "medical incident" applies only to "any negligent omission, act or error in the providing of **professional services,**" and "[t]he **injury** must be caused by an accident arising form a **medical incident** during the **policy period**."

Plaintiff seeks judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that the pleadings establish that it owes no duty to defend or indemnify Blalock on the Gera Petition.

## **Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure allows the Court to dismiss a claim for failure to state a claim; a motion to dismiss for failure to state a claim may be brought "by motion for judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P. 12(h)(2). Such a motion is akin to a motion to dismiss for failure to state a claim brought pursuant to Rule 12(c), and the Eighth Circuit directs that the same standards apply. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990) (motion to dismiss filed after answer asserting failure to state a claim treated as a motion for judgment on the pleadings and Rule 12(c) standard applied).

Rule 12(c) allows a party to move for judgment on the pleadings after responsive pleadings have been filed. Fed.R.Civ.P. 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.") The Court applies the same standard in a 12(c) motion as that applied in a 12(b)(6) motion to dismiss. *Westcott v. Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987) (collecting cases)). That is, the Court grants the motion "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v.. Lemaire,* 112 F.3d 1339, 1347 (8th Cir.1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). The Court assumes "that well-pleaded factual allegations in the complaint are true 'and

construe[s] the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader.'" *Westcott,* 901 F.2d at 1488 (quoting *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986)). In so doing, however, the Court does not "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.* The Court may grant judgment on the pleadings only if it appears beyond a doubt that non-moving party can prove no set of facts entitling it to relief. *See St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.,* 857 F.2d 1185, 1188 (8th Cir.1988). On a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. *United States v. Any and all Radio Station Transmission Equip.,* 207 F.3d 458, 462 (8th Cir.2000). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.*

## **Discussion**

The pleadings before the Court consist of plaintiff's Complaint for Declaratory Judgment, which incorporates the underlying Gera State Court Petition, and certified copies of the insurance policies at issue in this matter, and all defendants' Answers to this action. It is from these pleadings that the Court

determines whether plaintiff is entitled to judgment.

Under Missouri law,[2] the interpretation of an insurance policy is a question of law. *Standard Artificial Limb, Inc. v. Allianz Ins. Co.,* 895 S.W.2d 205, 209 (Mo.Ct.App.1995). The duty to defend is broader than the duty to indemnify. *McCormack Baron Mgmt. Servs. Inc. v. American Guarantee & Liab. Ins. Co.,* 989 S.W.2d 168, 170 (Mo.1999) (en banc). The duty to defend exists where there is a potential liability. *Id.; Royal Ins. Co. of America,* 304 F.3d at 807 ("[Under Missouri law] the insurer's duty to defend arises when there is merely the *potential* for coverage."). In assessing whether there is a duty to defend, the Court must compare "the language of the policy with the allegations in the petition." *Auto Club Family Ins. Co. v. Jacobsen,* 19 S.W.3d 178, 182 (Mo.Ct.App.2000). In construing the policy, the Court must give each term its ordinary, lay meaning unless the policy expressly defines a term in a technical manner. *Farmland Inds., Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo.1997) (en banc). Finally, the Court must resolve any ambiguities in favor of coverage. *Aetna Cas. & Sur. Co. v. Haas,* 422 S.W.2d 316, 321 (Mo.1968) ( "[T]he language must be construed so as to give the insured the protection which he reasonably had a right to expect; and to that end any

---

[2] Because the Court's jurisdiction is based on diversity of citizenship, the Court applies Missouri law.

doubts, ambiguities and uncertainties arising out of the language used in the policy must be resolved in his favor.") (internal quotation omitted). See *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.,* 401 F.3d 876, 879 - 880 (8th Cir. 2005). An insurance contract is ambiguous if there is duplicity, indistinctness or uncertainty in its meaning such that it is reasonably open to different constructions. *Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 377 (8th Cir. 1999); *State Farm Mut. Auto. Ins. Co. v. Bridges,* 6 S.W.3d 170, 173 (Mo.Ct.App. 1999). A disagreement between the parties as to the meaning of the policy language does not suffice to create an ambiguity. *J.S. DeWeese Co. v. Hughes-Treitler Mfg. Corp.*, 881 S.W.3d 638, 644 (Mo.Ct.App. 1994).

Comparing the policies and the underlying petition, the Court concludes there are no ambiguities and that plaintiff does not owe Blalock a duty to defend nor to indemnify him in the Gera proceeding. The Gera Petition alleges a "sexual assault" which was "not related to any form of medical care," and that Blalock "acted intentionally and recklessly by sexually gratifying himself." Nowhere within the Petition do the Geras allege that Blalock's actions were related in anyway to his chiropractic procedures or treatment. The policies at issue are "Professional Chiropractic Malpractice" policies which provide coverage for non-intentional

accidental injuries occurring as a result of a medical incident in the rendering of Blalock's professional services. As stated in the policies, "Medical incident," is "any negligent omission, act or error in the providing of **professional services**." "**Professional services** means: (a) those services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed. Clearly, the intentional sexual assault alleged in the Gera Petition is outside these definitions. Blalock's attempt to squeeze the allegations of the Gera Petition within the parameters of the policies through strained and convoluted grammatical interpretation of the policy terms fails, overcome by the straightforward definitions of coverage. The allegations in the Gera Petition unequivocally fall outside the policies definitions of coverage in that there are no allegations of any <u>accidental medical incidents</u> occurring from <u>professional services</u> rendered by Blalock. Under the unambiguous terms of the policies at issue, plaintiff is entitled to judgment on the pleadings.

Furthermore, the Gera Petition falls squarely within Exclusion F, which exempts from coverage "sexual impropriety, sexual intimacy, <u>sexual assault</u>, sexual harassment or any other similarly defined act." (Emphasis added). The Gera Petition specifically alleges a sexual assault by Blalock. This allegation is precisely the type of claim the parties to the contracts of insurance agreed to exclude in the

Professional Malpractice policies. See, *NCMIC Insurance Company v. Blalock*, Cause Number 4:03CV1643 ERW (E.D. Mo. 2004), Order dated November 17, 2004. Under this specific exclusion, plaintiff is also entitled to judgment on the pleadings.

## Conclusion

In light of the foregoing analysis, there is no question of fact that the policies provide *no* coverage for the Gera Petition and therefore, plaintiff owes *no* duty to defend the Gera Action nor to indemnify Blalock for any judgment which may be rendered against him in the Gera case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Judgment on the Pleadings, [Doc. # 15], is granted.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 10th day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE